IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRIAN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-cv-847-MEF |
| | ) | [wo] |
| MONTGOMERY COUNTY BOARD | ) | |
| OF EDUCATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 10, filed November 19, 2008). Pending before the Court are the *Motion to Dismiss* (Doc. 6, filed October 30, 2008) and *Montgomery County Board of Education's Motion to Dismiss* (Doc. 8, filed November 5, 2008). On November 20, 2008, the Court issued an order directing Plaintiff to show cause on or before January 9, 2008 why the motion to dismiss should not be granted. *See* Doc. 24. Plaintiff failed to respond to the Court's order. The Court issued a second order directing Plaintiff to show cause on or before January 30, 2009 why this case should not be dismissed for failure to prosecute. Plaintiff failed to respond to the second order. Thus, for good cause, the case should be dismissed for want of prosecution.

## I.   PARTIES

Plaintiff, Brian Williams ("Williams" or "Plaintiff"), is a resident of Montgomery, Alabama.

Defendant Montgomery County Board of Education. ("MCBOE") is the legal entity charged with the general administration and supervision of public schools in Montgomery County. Defendant Joseph B. Morton ("Morton") is the Superintendent of the State Board of Education. Collectively, MCBOE and Morton shall be referred to as "Defendants."

## II.   JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 20 U.S.C. § 1400, *et seq*. ("IDEA"). The parties have not contested personal jurisdiction or venue, and there are adequate allegations to support both.

## III.   NATURE OF CASE/BACKGROUND

Williams initiated this action on August 5, 2008 in the Circuit Court of Montgomery County. *See* Doc. 1, Exhibits D-E. In the documents, Williams files a notice of appeal of an administrative proceeding under the Individuals with Disabilities Act ("IDEA"). However, Williams did not file any form of an official complaint as defined under either the Alabama or Federal Rules of Civil Procedure. On October 23, 2008, MCBOE removed the case to federal court. *See* Doc. 1, Notice of Removal. On October 30, 2008, Morton filed his Motion to Dismissed and on November 5, 2008, MCBOE filed its motion to dismissed. The Court entered a show cause order on November 20, 2008 and instructed Williams to file

a response to the motions on or before December 31, 2008. *See* Doc. 11. No response was filed. On January 16, 2009, the Court issued an order directing Williams to show cause on or before January 30, 2009 why the case should not be dismissed for failure to prosecute. *See* Doc. 12. To date, Williams has not responded nor has he complied with the requirement to file a corporate disclosure/conflict statement despite receiving two notifications to do so. *See* Doc. 4, filed October 27, 2008; Doc. 9, filed November 10, 2008.

## IV. DISMISSAL FOR FAILURE TO PROSECUTE

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)).

Mindful of the judicial caution which should attend the dismissal of *pro se* actions, dismissal of this action is appropriate as Plaintiff has been provided more than a reasonable opportunity to prosecute this action. Williams was sent notice of the Motions to Dismiss and his deadline to respond. *See* Doc. 11. He failed to respond to the first order. As such, the

Court sent a second order which clearly detailed the consequences of a failure to respond. *Id.* Williams did not file a response, nor did the mail return as undeliverable. Finally, Williams has not responded to the two separate Notice of Deficiencies sent by the Clerk's Office with regard to his failure to file a Corporate Disclosure/Conflict Statement. Consequently, it is reasonable to conclude that Plaintiff has chosen to abandon prosecution of his claims.

## V.  CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that

(1)   This case be **DISMISSED without prejudice** for lack of prosecution;

(2)   The *Motion to Dismiss* (Doc. 6, filed 10/30/08) and *Montgomery County Board of Education's Motion to Dismiss* (Doc. 8, filed 11/5/08) be **DENIED as moot**;

(3)   Any remaining outstanding motions be denied as moot.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **February 18, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo*

determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

      DONE this 5th day of February, 2009.

                                           /s/ Terry F. Moorer
                                           TERRY F. MOORER
                                           UNITED STATES MAGISTRATE JUDGE